**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

**CASE NO: 3:21-cv-00174-FDW-DSC**

**AMANDA BOARDMAN,**
individually and on behalf of all
others similarly situated,                                            **CLASS ACTION**

      Plaintiff,                                                          **JURY TRIAL DEMANDED**

v.

**GREEN DOT CORPORATION,**

      Defendant.
_____/


**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff Amanda Boardman brings this class action against Defendant Green Dot Corporation ("Defendant") and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

**NATURE OF THE ACTION**

1.      This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. (the "TCPA").

2.      Defendant operates an online and mobile bank account company with over 33 million customers.

3.      To market its services, Defendant engages in telemarketing text messaging, including to individuals who have registered their telephone numbers on the National Do Not Call Registry and to those who have requested for Defendant to stop calling.

1

4.      Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals.  Plaintiff also seeks statutory damages on behalf of Plaintiff and members of the Class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

5.      This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. ("TCPA").

6.      The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant directs, markets, and provides its business activities to this District, and because Defendant's unauthorized marketing scheme was directed by Defendant to consumers in this District, including Plaintiff.

7.      Furthermore, Defendant initiated and directed, or caused to be initiated and directed, the transmission of unsolicited text messages to Plaintiff's cellular telephone number (the "8255 Number"). Plaintiff received such messages on the 8255 Number while residing in and physically present in North Carolina.

## PARTIES

8.      Plaintiff is a natural person who, at all times relevant to this action, was a resident of the State of North Carolina.

9.      Defendant is a corporation whose principal office is located in California. Defendant directs, markets, and provides its business activities throughout the state of North Carolina.

10. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTS

11. On February 25, 2021, Defendant caused the following text messages to be transmitted to Plaintiff's residential cellular telephone number ending in 8255 ("8255 Number"):



12. Plaintiff has no account or card with Defendant, has had no business dealings with Defendant, and has never provided the 8255 Number to Defendant.

13. Also on February 25, 2021, Plaintiff called Defendant and spoke to Defendant's employee "Jason" to tell him that the 8255 Number should no longer be contacted. Plaintiff was

3

informed by Defendant that the 8255 Number had been removed from the account and that Plaintiff would not receive any more text messages.

14.     Despite the request to not receive future communications, over the next few weeks, Defendant continued to send Plaintiff text messages and Plaintiff continued to request that the messages stop:



15.     On March 18, 2021 and March 19, 2021, Defendant caused the following marketing text messages to be transmitted to Plaintiff's 8255 Number:



16.     The purpose of these text messages was to encourage the purchase or rental of, or investment in, Defendant's property, goods, or services. The hyperlink in these text messages leads to a website (reproduced below) where if Plaintiff "activate[s] any new Green Dot card then direct deposit[s] [her] federal or state tax refund and [makes] two qualifying Direct Deposits of $500+ each by 6/30.21" she will get a one time $15 credit.





17.     Upon information and belief, Defendant caused similar text messages to be sent to individuals residing within this judicial district.

18.     The 8255 Number has been registered on the National Do Not Call Registry since 2007.

19.     At the time Plaintiff received these text messages Plaintiff was the subscriber and/or sole user of the 8255 Number.

20.     At all times relevant to this action, Plaintiff utilized the 8255 Number for personal purposes only and the 8255 number is Plaintiff's residential telephone line.

21.     Defendant's failure to abide by Plaintiff's numerous opt-out requests is indicative of Defendant's lack of a written policy for maintaining internal do-not-call procedures.

22.     Defendant's failure to honor Plaintiff's opt-out requests is also indicative of Defendant's failure to maintain an internal do-not-call list and inform and train its personnel engaged in telemarking in the existence and the use of an internal do-not-call list.

23.     Defendant's unsolicited text messages caused Plaintiff harm, including invasion of privacy, aggravation, and annoyance.  Defendant's call also inconvenienced Plaintiff, caused disruptions to Plaintiff's daily life, caused Plaintiff to waste time dealing with Defendant's unsolicited text message calls, used Plaintiff's phone's storage, and depleted Plaintiff's phone's battery.  Additionally, Defendant's unsolicited messages violated Plaintiff's substantive rights under the TCPA from be free from harassing calls like Defendant's.

## CLASS ALLEGATIONS

### PROPOSED CLASS

24.     Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of Plaintiff and all others similarly situated.

25.     Plaintiff brings this case on behalf of the Classes defined as follows:

> **DO NOT CALL REGISTRY CLASS: All persons in the United States who from four years prior to the filing of this action (1) Defendant, or anyone on Defendant's behalf, (2) placed more than one text message call within any 12-month period; (3) where the person's telephone number that had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of encouraging the purchase or rental of, or investment in, Defendant's property, goods, or services; (5) who did not purchase or transact business with Defendant during the eighteen (18) months immediately preceding the date of the first message; and (6) who did not contact Defendant during the three (3) months immediately preceding the date of the first message with an inquiry about a product, good, or service offered by Defendant.**

7

**INTERNAL DO NOT CALL CLASS: All persons within the United States who, within the four years prior to the filing of this Complaint, (1) Defendant, or anyone on Defendant's behalf, (2) placed a text message call, (2) for the purpose of encouraging the purchase or rental of, or investment in, Defendant's property, goods, or services, (3) to said person's residential telephone number, (4) after the person had requested to Defendant to not receive calls and/or text messages from Defendant.**

26.     Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

27.     Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in each the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

28.     Upon information and belief, Defendant has placed automated calls and prerecorded messages to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent.  The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

29.     The exact number and identities of the members of the Class are unknown at this time and can only be ascertained through discovery.  Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

30.     There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class.  Among the questions of law and fact common to the members of the Class are:

a) Whether Defendant sent solicitations to individuals who had registered their telephone numbers on the National Do Not Call Registry;

b) Whether Defendant failed to honor opt-out requests;

c) Whether Defendant continued sending solicitations to individuals who had requested for Defendant to stop calling;

d) Whether Defendant's conduct was knowing and willful;

e) Whether Defendant is liable for damages, and the amount of such damages; and

f) Whether Defendant should be enjoined from such conduct in the future.

31.     The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits calls to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

32.     Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

33.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

34.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained

by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

35. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**Violations of TCPA, 47 U.S.C. § 227(c)**
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

36. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-35 as if fully set forth herein.

37. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

38. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

39. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity

10

has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

40.    Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

41.    Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

42.    Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

43.    To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

### COUNT II
### VIOLATION OF 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)
**(On Behalf of Plaintiff and the Internal Do Not Call Class)**

11

44.     Plaintiff re-alleges and incorporates the foregoing allegations set forth in paragraphs 1 through 35 as if fully set forth herein.

45.     In pertinent part, 47 C.F.R. § 64.1200(d) provides:

> No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:
>
> > **(1) *Written policy.*** Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
> >
> > **(2) *Training of personnel engaged in telemarketing.*** Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

46.     Under 47 C.F.R § 64.1200(e), the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers.

47.     Plaintiff and the Internal Do Not Call Class members made requests to Defendant not to receive calls from Defendant.

48.     Defendant failed to honor Plaintiff and the Internal Do Not Call Class members opt-out requests.

49.     Defendant's refusal to honor opt-out requests is indicative of Defendant's failure to implement a written policy for maintaining a do-not-call list and to train its personnel engaged in telemarketing on the existence and use of the do-not-call-list.

50.     Thus, Defendant has violated 47 C.F.R. § 64.1200(d).

12

51.     Pursuant to section 227(c)(5) of the TCPA, Plaintiff and the Internal Do Not Call Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation.

52.     As a result of Defendant's knowing or willful conduct, Plaintiff and the Internal Do Not Call Class members are entitled to an award of $1,500.00 in statutory damages per violation.

53.     Plaintiff and the Internal Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to section 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a)  An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b)  As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, et seq., and its implementing regulations, Plaintiff seeks for himself and each member of the Class $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 277(b)(3);

c)  As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, et seq., and its implementing regulations, Plaintiff seeks for himself and each member of the Classes treble damages, as provided by statute, up to $1,500.00 for each and every violation pursuant to 47 U.S.C. § 277(b)(3)(B) and § 277(b)(3)(C);

d) An order declaring that Defendant's actions, as set out above, violate the TCPA and its implementing regulations;

e) A declaration that Defendant's practices described herein violate 47 C.F.R. § 64.1200;

f) A declaration that Defendant's violations of 47 C.F.R. § 64.1200 were willful and knowing; and

g) An injunction requiring Defendant to cease all unsolicited call activity without obtaining consent first, cease initiating calls to telephone numbers listed on the National Do Not Call Registry, to cease all activity to individuals who have requested to be removed from Defendant's consent list, and to otherwise protect the interests of the Class;

h) Such further and other relief as the Court deems necessary.

### JURY DEMAND

Plaintiff hereby demand a trial by jury.

### DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant takes affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the communication or transmittal of the text messages as alleged herein.

14

Dated: June 9, 2021

By: */s/ Ignacio Hiraldo*
Ignacio Hiraldo, Esq.
IJhiraldo@Hiraldolaw.com
**IJH Law**
1200 Brickell Ave.
Suite 1950
Miami, FL 33131
E: IJhiraldo@IJhlaw.com
T: 786-496-4469
*Pro Hac Vice*

DAVID M. WILKERSON
NC State Bar No. 35742
Attorney for Plaintiff
The Van Winkle Law Firm
11 N. Market Street
Asheville, North Carolina 28801
(828)258-299 (phone)
(828)257-2767 (fax)
dwilkerson@vwlawfirm.com

*Attorneys for Plaintiff and the Proposed Class*