IN THE UNITED STATES DISTRICT COURT
FOR THE  WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:21-cv-00174-FDW-DSC

AMANDA BOARDMAN,
individually and on behalf of
all others similarly situated,

                                    Plaintiff,

        vs.

GREEN DOT CORPORATION,

                                    Defendant.

## PROTECTIVE ORDER

Plaintiff Amanda Boardman and Defendant Green Dot Corporation (collectively, the "Parties") have agreed to the terms of this Protective Order that will control the production of confidential documents, material, and information ("Confidential Information"). Accordingly, it is hereby ORDERED:

1.      **Scope.** All materials produced during discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential/Attorneys' Eyes Only Information as defined below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible. This Protective Order shall not waive or compromise in any manner the right of any party to object to any discovery request on the grounds that the information requested is not relevant or otherwise discoverable.

2.      **Confidential Information.** As used in this Order, "Confidential Information" means information or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

3.      **Attorneys' Eyes Only Information.** The parties may designate as "Attorneys' Eyes Only" trade secrets or other confidential research, development, or commercial information, as such terms are used in Fed. R. Civ. P. 26(c)(1), as well as any personally identifiable information, which would reasonably be expected to result in injury if disclosed to another party beyond its attorneys of record in this action ("Outside Counsel") and other individuals retained for purposes of this litigation.

4.      **Publicly Available Information or Documents.** Information or documents that are (or ever have been) made publicly available or that are legally required to be disclosed to the public, may not be designated as Confidential Information or Attorneys' Eyes Only Information.

5.      **Designation.**

> (a)     **Documents:** A party may designate a document as Confidential or Attorneys' Eyes Only Information for protection under this Order by placing or affixing the word "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on the document and on all copies in a manner that will not interfere with the legibility of the document. "Copies" includes electronic images, duplicates, extracts, summaries, or descriptions containing the Confidential Information. The marking "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be applied prior to or at the time the documents are produced or disclosed. Applying the marking "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to a document does not mean the document

has any status or protection by statute or otherwise except for the purposes of this Order.

(b) **Deposition Testimony:** A party may designate deposition testimony as Confidential or Attorneys' Eyes Only Information by advising opposing counsel in writing within thirty days after receipt of the deposition transcript, or at such other time mutually agreed upon by the parties, of the pages and lines of the deposition that the designating party requires to be treated as confidential or attorneys' eyes only. Any party may, on the record at the deposition, designate deposition testimony as Confidential or Attorneys' Eyes Only Information by advising all persons present that the party believes that portion of the deposition in question falls under the scope of this Order. If a party does not designate the deposition transcript as Attorneys' Eyes Only on the record at the deposition, the deposition transcript shall be treated as Confidential until the expiration of thirty days after receipt of the deposition transcript, unless otherwise agreed to by the parties in writing or on the record at the deposition.

6. **Protection of Confidential Material.**

(a) **General Protections.** Confidential Information shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal.

(b) **Limited Third-Party Disclosures.** The parties and their counsel shall not disclose or permit the disclosure of any Confidential Information to any

3

third person or entity except as set forth below. Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(1)     Counsel for the parties and employees of counsel;

(2)     The parties to this litigation, including any employees, agents, and representatives of the parties;

(3)     The Court and court personnel, including any Special Master appointed by the Court;

(4)     Court reporters, recorders, and videographers engaged for depositions;

(5)     Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation;

(6)     Consultants, investigators, or experts employed by the parties or parties' counsel to assist in the preparation and trial of this action but only after the consultant or expert completed the certification contained in Attachment A;

(7)     Potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have completed the certification contained in Attachment A. Witnesses shall not retain a copy of documents containing Confidential Information, except

4

witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts;

(8) The author or recipient of the document (not including a person who received the document in the course of the litigation);

(9) Mediator appointed by the Court or jointly selected by the parties; and

(10) Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

7. **Protection of Attorneys' Eyes Only Material.**

(a) **General Protections.** All Attorneys' Eyes Only Information produced or exchanged in the course of this litigation shall only be disclosed to the parties' respective Outside Counsel and Outside Counsel's staff alone. The parties themselves shall not receive Attorneys' Eyes Only Information. Attorneys' Eyes Only Information shall not be used or disclosed by Outside Counsel, or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal.

(b) **Limited Third-Party Disclosures.** Outside Counsel shall not disclose or permit the disclosure of any Attorneys' Eyes Only Information to any third person or entity except as set forth below. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. Subject to these requirements, the

5

following categories of persons may be allowed to review Attorneys' Eyes Only Information:

(1)  Outside Counsel and their employees;

(2)  The Court and court personnel, including any Special Master appointed by the Court;

(3)  Court reporters, recorders, and videographers engaged for depositions;

(4)  Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation;

(5)  Consultants, investigators, or experts employed by the parties or parties' counsel to assist in the preparation and trial of this action but only after the consultant or expert completed the certification contained in Attachment A;

(6)  Potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such Attorneys' Eyes Only documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have completed the certification contained in Attachment A. Witnesses shall not retain a copy of documents containing Attorneys' Eyes Only Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts;

6

(7)       The author or recipient of the document (not including a person who received the document in the course of this litigation);

(8)       Mediator appointed by the Court or jointly selected by the parties; and

(9)       Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

**8.**       **Control of Documents.** The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Counsel for the parties must maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

**9.**       **Third-Party Materials.** Any third party producing its own documents pursuant to requests by a party in this litigation may invoke the protections of this Protective Order in connection with such production. Further, within fifteen days of any third party production of documents in connection with this action, each of the parties to this action shall be able to designate any of those documents as "Confidential" pursuant hereto, based on its own (and not the third party's) interest in preserving the confidentiality of the documents so designated. During the fifteen day period after any third party production of documents in connection with this action, all such documents shall be treated as "Confidential" pursuant to this Protective Order, pending the parties' designation of such documents consistent with this paragraph.

7

10.     **Inadvertent Failure to Designate.** Inadvertent failure to designate any document or material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is promptly asserted after discovery of the inadvertent failure.

Pursuant to Federal Rule of Evidence 502(d), disclosure (including production) of information that a party or non-party later claims should not have been disclosed because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine ("Privileged Information"), shall not constitute a waiver of, or estoppel to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the producing party would be entitled in the litigation or any other federal or state proceeding. Pursuant to Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(e), the receiving party hereby agrees to return, sequester, or destroy any Privileged Information disclosed or produced by the producing party upon request. If the receiving party reasonably believes that Privileged Information has been inadvertently disclosed or produced to it, it shall promptly notify the producing party and sequester such information until instructions as to disposition are received. The failure of any party to provide notice or instructions under this Paragraph shall not constitute a waiver of, or estoppel to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the producing party would be entitled in the litigation or any other federal or state proceeding. This provision is designed to foreclose any arguments that by making such production, the production of Confidential or Attorneys' Eyes Only Materials subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege, work-product doctrine, or other applicable privilege:

(a)     was not inadvertent by the producing party;

8

(b)     that the producing party did not take reasonable steps to prevent the disclosure of privileged Documents;

(c)     that the producing party did not take reasonable or timely steps to rectify such Disclosure; and/or

(d)     that such Disclosure acts as a waiver of applicable privileges or protections associated with such Documents.

11.     **Filing of Confidential or Attorneys' Eyes Only Information.** In the event a party seeks to file a document containing Confidential or Attorneys' Eyes Only Information subject to protection under this Order with the Court, that party must take appropriate action to ensure that the document receives proper protection from public disclosure, including: (a) filing a redacted document with the consent of the party who designated the document as confidential or attorneys' eyes only; (b) where appropriate, submitting the document for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal. Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal.

12.     **No Greater Protection.** Except on privilege grounds, no party may withhold information from discovery on the ground it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

13.     **Challenges to Confidential/ Attorneys' Eyes Only Designation.** The designation of any material or document as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" is subject to challenge by any party. Before filing any motion or contacting the Court regarding an objection to a confidential designation, the objecting party must comply with Local Rule 37.1. The burden of proving the necessity of a confidentiality designation remains with the party asserting

9

confidentiality. Until the Court rules on the challenge, all parties must continue to treat the materials as Confidential/Attorneys' Eyes only under the terms of this Order.

14.     **Use of Confidential Documents or Information at Trial.** Nothing in this Order shall affect the use of any document, material, or information at any trial or hearing. A party that intends to present or anticipates another party may present Confidential or Attorneys' Eyes Only information at a hearing or trial shall bring the issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential/Attorneys' Eyes Only Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

15.     **Confidential/Attorneys' Eyes Only Information Subpoenaed or Ordered Produced in Other Litigation.**

> (a)     If a receiving party is served with a subpoena or order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential/Attorneys' Eyes Only Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than five days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

> (b)     The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c)     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to protect its Confidential/Attorneys' Eyes Only Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential/Attorneys' Eyes Only Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential/Attorneys' Eyes Only Information by the other party to this case.

16.     **Challenges by Members of the Public to Sealing Orders.** A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

17.     **Obligations at Conclusion of Litigation.**

(a)     **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b)     **Return of Confidential/Attorneys' Eyes Only Documents.** Within sixty days after this matter concludes by settlement, final judgment, or final order, including all appeals, any document containing Confidential/Attorneys' Eyes Only Information, including copies, shall be returned to the producing

11

party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction of the document to the extent practicable in lieu of return; or (3) the document bears notations, summations, or other mental impressions of the receiving party.

(c) **Retention of Work Product.** Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index that refers or relates to designated Confidential/Attorneys' Eyes Only Information so long as that work product does not duplicate verbatim substantial portions of Confidential/Attorneys' Eyes Only Information. Any retained Confidential/Attorneys' Eyes Only Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided its use does not disclose or use Confidential/Attorneys' Eyes Only Information.

(d) **Collection of Documents Submitted to the Court.** No later than thirty days after the final disposition of this litigation, any copies of material subject to this Order that have been filed with the Court shall be retrieved by the parties.

18. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.

**19.    No Prior Judicial Determination.** Nothing in this Order shall be construed or presented as a judicial determination that any document or material designated Confidential/Attorneys' Eyes Only Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**20.    Persons Bound by Protective Order.** This Order takes effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**21.    Applicability to Parties Later Joined.** If additional parties join this lawsuit, they must not be given access to Confidential/Attorneys' Eyes Only Information unless they execute and file with the Court their written agreement to be bound by this Order.

**23.    Jurisdiction.** The Court's jurisdiction to enforce the provisions of this Order will terminate on the final disposition of this case. But a party may file a motion to seek leave to reopen the case to enforce the provisions of this Order.

**SO ORDERED.**

Signed: August 18, 2021

David S. Cayer
United States Magistrate Judge

**ATTACHMENT A**

**<u>AFFIDAVIT</u>**

1.      My name is _____. I live at _____.

2.      I am aware that a Protective Order has been entered Boardman v. Green Dot Corporation, Case No. 3:21-cv-00174-FDW-DSC, pending in the United States District Court for the Western District of North Carolina, and a copy thereof has been given to me.

3.      I acknowledge that documents and information designated as "Confidential" or "Attorneys' Eyes Only" pursuant to the Protective Order are being disclosed to me only upon the condition that I agree to be subject to the jurisdiction of this Court and to that Order. I hereby agree to abide by such Order, subject to all penalties prescribed therein, including contempt of Court, for disobedience of said Order. I promise that the documents and information given Confidential or Attorneys' Eyes Only designation under the Protective Order entered in this case will be used by me only in connection with assisting counsel for the parties in preparing for litigation of the above-captioned matter. I understand that any use of Confidential or Attorneys' Eyes Only material in any manner contrary to the provisions of the Protective Order will subject me to the sanctions of this Court for contempt.

4.      I promise that I will not disclose or discuss designated Confidential or Attorneys' Eyes Only materials or information with any person other than those allowed under the terms of the Protective Order referenced herein.


DATED: _____, 2021                    _____