UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
NO. 3:21-CV-00174-FDW-DSC

| | |
|---|---|
| AMANDA BOARDMAN,<br><br>Plaintiff,<br><br>v.<br><br>GREEN DOT CORPORATION,<br><br>Defendant. | **ORDER** |

THIS MATTER is before the Court on Defendant's Motion to Dismiss Plaintiff's First Amended Class Action Complaint ("Complaint"). (Doc. No. 16). The Motion has been fully briefed and is ripe for review. (Doc. Nos. 19, 20). Having carefully considered the Motion and responsive briefing, for the reasons stated herein, the Court DENIES Defendant's Motion to Dismiss. (Doc. No. 16).

### I. BACKGROUND[1]

Plaintiff is a natural person and resident of North Carolina. (Doc. No. 14). Defendant is a "mobile bank account company" headquartered in California, but it conducts business throughout the United States. (Doc. No. 14, pp. 1-2). Plaintiff alleges she received a telemarketing text message on her "residential cellular telephone" on February 25, 2021 sent by Defendant. (Doc. No. 14, p. 3). After receiving the unwanted text message, Plaintiff allegedly contacted Defendant and asked that her cellular telephone number be removed from Defendant's marketing list. Id. One of Defendant's customer service representatives, "Jason," allegedly confirmed to Plaintiff that she

---

[1] The background set forth herein reflects the allegations in the Amended Complaint and are taken as true for purposes of ruling on Defendant's Motion to Dismiss.

1

would no longer be contacted on her cellular telephone. Id. However, Plaintiff contends she continued to receive numerous marketing text messages from Defendant through March 19, 2021. Id. at p. 4. Plaintiff also alleges the telephone number to which the telemarketing texts were directed was a number that had been registered on the National Do Not Call Registry since 2007. Id. at p. 6. Plaintiff alleges all text messages sent by Defendant to her cellular telephone were in violation of the Telephone Consumer Protection Act ("TCPA"), and she seeks to hold Defendant liable for such violations on behalf of herself and a putative class.

Plaintiff filed her Amended Class Action Complaint on June 9, 2021. (Doc. No. 14). Defendant filed the present Motion to Dismiss, seeking dismissal of Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 16).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal when the pleading party fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal "sufficiency of a complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); accord E. Shore Mkts, Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause

2

of action, supported by mere conclusory statements, do not suffice." Id. The Supreme Court has said:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (alteration in original) (internal citations omitted) (quoting Twombly, 550 U.S. at 555-56).

### III. DISCUSSION

Plaintiff asserts two causes of action against Defendant: (1) violation of 47 U.S.C. § 227 (c), and (2) violation of 47 C.F.R. § 64.1200(d). (Doc. No. 14). Defendant moves for dismissal of both claims, arguing they fail as a matter of law. (Doc. No. 16). The Court will address each of Plaintiff's claims, and Defendant's arguments for dismissal, in turn.

#### a. Count I – 47 U.S.C. § 227(c)

Count I of Plaintiff's Amended Complaint seeks to hold Defendant liable for violation § 227(c) of the TCPA. (Doc. No. 14, p. 10). Section 227(c) provides a private right of action for individuals whose rights under the corresponding federal regulations have been violated. § 227(c)(5). The corresponding federal regulation Plaintiff seeks to hold Defendant liable under is 47 C.F.R. § 64.1200(c), which provides: "No person or entity shall initiate any telephone solicitation to . . . [a] *residential* telephone subscriber who has registered his or her telephone number of the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." § 64.1200(c)(2) (emphasis added). Defendant moves to dismiss Count I because Plaintiff is not a "residential" telephone subscriber but rather, a cellular telephone subscriber. (Doc. No. 17, p. 8).

3

The issue of whether or not cellular telephones are "residential" for purposes of the TCPA has not yet been addressed by the Fourth Circuit.[2] And, to the extent the issue has been addressed by other courts, there is no clear consensus. Indeed, Plaintiff and Defendant each provide a number of district court cases addressing the issue and reaching differing conclusions. See, e.g., Boger v. Citrix Sys., Inc., No. 8:19-cv-01234-PX, 2020 WL 1033566, at *4 (D. Md. Mar. 3, 2020) ("[T]he Complaint does not foreclose that [the plaintiff's] cellphone functioned as a residential telephone number for purposes of the statute."); Cunningham v. Politi, No. 4:18-cv-362, 2019 WL 2526536, at *4 (E.D. Tex. Apr. 26, 2019) ("Recent courts considering [similar] claims . . . have found [the TCPA] does not encompass . . . cellular phones." (collecting cases)).

Notably, a recent case in the Eastern District of North Carolina addressed facts similar to the ones here. In Fischman v. Mediastratx, LLC, the court denied the defendant's motion for judgment on the pleadings when the defendant made unsolicited phone calls to the plaintiff's cellular telephone. No. 2:20-cv-83-D, 2021 WL 3559639, at *1 (E.D.N.C. Aug. 10, 2021). Although the Fischman court did not explicitly address whether a cellular telephone was "residential" under the TCPA, the court's denial of the defendant's motion for judgment on the pleadings implicitly accepts that a cellular telephone may plausibly be alleged as residential for purposes of the TCPA.

The Court agrees that a cellphone may plausibly be alleged as residential for purposes of the TCPA. In so deciding, the Court explicitly leaves open the possibility that Defendant may succeed on the merits of its argument at summary judgment. See Boger, 2020 WL 1033566, at *4 ("Although [the defendant's] argument [as to whether cell phones are residential] may be of merit

---

[2] There also remains a question of whether text messages, as opposed to phone calls, are covered by the TCPA. See Facebook, Inc. v. Duguid, 141 S. Ct. 1163, 1163 n.2 (2021) ("Neither party disputes that the TCPA's prohibition [on the use of autodialers] also extends to sending unsolicited text messages . . . [w]e therefore assume that it does without considering or resolving that issue.").

4

in the end, resolution is premature. Discovery will proceed as to the circumstances surrounding [the plaintiff's] cell phone use."). Accordingly, the Court denies without prejudice Defendant's Motion to Dismiss Count I of Plaintiff's Amended Complaint. Defendant may reassert its argument again at summary judgment.

### b. Count II – 47 C.F.R. § 64.1200(d)

Plaintiff also seeks to hold Defendant liable for violation 47 C.F.R. § 64.1200(d). (Doc. No. 14, p. 11). 47 C.F.R. § 64.1200(d) provides: "No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."[3] Defendant moves for dismissal of Count II, arguing that § 64.1200(d) does not provide a private right of action. (Doc. No. 17, p. 11).

As with Count I, there is no clear consensus as to whether § 64.1200(d) provides for a private right of action. Notwithstanding the lack of clear consensus, the recent Fishman decision provides helpful guidance on the issue. The Fishman court addressed the exact issue and, after engaging in a thorough analysis, determined that § 64.1200(d) *does* provide a private right of action. Fishman, 2021 WL 3559639, at *4-5 (collecting cases).

Given the Fishman decision, the lack of binding authority on the issue, and the myriad cases with differing conclusions on the issue, the Court finds that Plaintiff has a plausible claim under 47 C.F.R. § 64.1200(d). However, as with the Court's decision above, the Court expresses no opinion as to the merits of the ultimate issue as to whether a private right of action exists under § 64.1200(d). Accordingly, the Court denies without prejudice Defendant's Motion to Dismiss

---

[3] The remainder of the subsection details the kinds of procedures required for maintaining such list. § 64.1200(d)(1)-(7).

Count II of Plaintiff's Amended Complaint. Defendant may reassert its argument again at summary judgment.

IV. **CONCLUSION**

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss, (Doc. No. 16) is DENIED. Defendant is free to reassert its arguments contained in its motion to dismiss again at summary judgment.

IT IS SO ORDERED.

Signed: August 19, 2021

Frank D. Whitney
United States District Judge