# EXHIBIT A

DocuSign Envelope ID: C9A091FC-8A7F-49DB-8090-57D7C48576C6

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| AMANDA BOARDMAN,<br>Individually and on behalf of all others<br>similarly situated<br><br>     Plaintiff,<br><br>v.<br><br>GREEN DOT CORPORATION<br><br>    Defendants. | Case No.: 3:21-cv-00174-FDW-DSC<br><br>Hon. Judge Frank D. Whitney<br><br>**CLASS ACTION** |

<u>**SETTLEMENT AGREEMENT AND RELEASE**</u>

This Settlement Agreement and Release is entered into between and among the following parties, by and through their respective counsel: Plaintiff Amanda Boardman ("Plaintiff" or "Class Representative"), on behalf of herself and the Settlement Class,[1] and Defendant Green Dot Corporation ("Defendant" or "Green Dot"). Plaintiff and Defendant will sometimes be referred to together as the "Parties," or, individually, as a "Party."

WHEREAS, on April 20, 2021, Plaintiff filed the Class Action Complaint (the "Complaint"), on behalf of herself and a putative class, in the lawsuit styled *Boardman v. Green Dot Corporation*, Case No. 3:21-cv-00174-FDW-DSC (W.D.N.C.) ("Action"), which asserts claims under the Telephone Consumer Protection Act ("TCPA");

WHEREAS, Plaintiff alleges that she and members of the class received text messages from Defendant, which allegedly harmed her and the class (the "Allegations");

WHEREAS, Plaintiff alleges that, as a result of the Allegations, she and other similarly situated individuals are entitled to declaratory and injunctive relief, statutory damages, attorneys' fees, and costs;

WHEREAS, Defendant vehemently opposes Plaintiff and the putative class members' claims on the merits, and but for this settlement, has vehemently been opposed to class certification;

WHEREAS, on May 13, 2022, the Parties and their counsel began engaging in intensive negotiations in an attempt to resolve the Action with a view toward achieving substantial benefits for the Settlement Class as a whole, while avoiding the cost, delay, and uncertainty of further litigation, trial, and appellate practice;

---

[1] Definitions for capitalized terms not defined herein are set forth in Section I below.

WHEREAS, on May 17, 2022, the Parties attended Mediation with Jill Sperber, Esq. of Judicate West and reached an agreement in principle to resolve the Action;

WHEREAS, for settlement purposes only, Plaintiff requests that the Court certify the Settlement Class, appoint her as Class Representative and appoint her lawyers—Manuel S. Hiraldo of Hiraldo P.A; Ignacio J. Hiraldo of IJH Law; and Michael Eisenband of Eisenband Law, P.A.— as Class Counsel in this case;

WHEREAS, based on their investigation and discovery in the Action and the experience of Class Counsel, Plaintiff and Class Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to, and in the best interest of, the Settlement Class;

WHEREAS, Plaintiff, on behalf of herself and as the representative of the Settlement Class, and Defendant desire to resolve the dispute between them;

WHEREAS, Plaintiff, on behalf of herself and as the representative of the Settlement Class, and Defendant will execute this Agreement solely to compromise and settle protracted, complicated, and expensive litigation; and

WHEREAS, Defendant denies any and all liability or wrongdoing to the Class Representative and to the Settlement Class. Nonetheless, Defendant has concluded that further litigation would be protracted and expensive, has taken into account the uncertainty and risks inherent in this Action, and has determined that it is desirable that the Action and the Allegations be fully, completely, and finally settled in the manner and on the terms set forth herein.

NOW, THEREFORE, in exchange for the mutual covenants and promises contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties and their counsel agree that the Action shall be settled, compromised, and/or dismissed on the merits and with prejudice on the terms and conditions in this Agreement,

and without costs (except as provided herein), subject to Court approval of this Agreement after a hearing and on finding that it is a fair, reasonable, and adequate settlement.

## I.   <u>DEFINITIONS</u>

In addition to the terms defined above and at other places in this Agreement, the following defined terms have the meaning set forth below:

A.     "Administrator" means KCC LLC ("KCC"), which, subject to Court approval, shall be responsible for administrative tasks, which may include, without limitation: (a) arranging for distribution of the Class Notice and Claim Form to Settlement Class Members; (b) making any mailings to Settlement Class Members required under this Agreement; (c) forwarding written inquiries from Settlement Class Members to Class Counsel or their designee; (d) establishing the Settlement Website; (e) receiving and processing Settlement Claims Forms and distributing payments to Settlement Class Members; (f) disseminating the CAFA Notice, and (g) otherwise assisting with implementing and administrating this Agreement, subject in all cases to approval by Class Counsel and Counsel for Defendant. Class Counsel and Counsel for Defendant may, by agreement, substitute a different entity as Administrator, subject to approval by the Court if the Court has previously approved the Settlement preliminarily or finally.  In the absence of agreement, either Class Counsel or Defendant may move the Court to substitute a different entity as Administrator on a showing of good cause.

B.     "Agreement" means this Settlement Agreement and Release and all attachments and exhibits hereto.

C.     "Attorneys' Fees and Expenses" means the total recovery that may be awarded by the Court to Class Counsel to compensate them (and all other attorneys for Plaintiff or the Settlement Class) for requested attorneys' fees, costs, and adequately supported expenses of any kind (including, but not limited to, mediation fees, travel, filing fees, court reporter, and

3

videographer expenses, expert fees and costs, and document review and production costs) incurred by Plaintiff or Class Counsel in connection with the Action.

D.     "CAFA Notice" means the notice provided for under Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, within the timelines specified by 28 U.S.C. § 1715(b).

E.     "Claim" means a written request for a Claim Settlement Payment submitted by a Settlement Class Member to the Administrator.

F.     "Claim Deadline" means the last date by which a Claim submitted to the Administrator by a Settlement Class Member for a Claim Settlement Payment must be postmarked; this date shall be no later than fifteen (15) days after the date of the Final Approval Hearing.  All Claims postmarked before the Claim Deadline shall be timely, and all Claims postmarked after the Claim Deadline shall be untimely and barred from entitlement to any Claim Settlement Payment.

G.     "Claim Form" means the form attached as **Exhibit 1** to this Agreement and/or as ultimately approved by the Court.

H.     "Claim Settlement Check" means the check containing the Claim Settlement Payment for each Settlement Class Member who submits a valid and timely Claim.

I.     "Claim Settlement Payment" means the payment to be made to Settlement Class Members who submit properly completed and timely Claim Forms to the Administrator, and who qualify for such relief under this Agreement.

J.     "Class Counsel" means: Manuel S. Hiraldo, Hiraldo P.A., 401 E. Las Olas Boulevard, Suite 1400, Fort Lauderdale, Florida 33301; Ignacio J. Hiraldo, IJH Law, 1200 Brickell Ave., Suite 1950, Miami, FL 33131; and Michael Eisenband, Eisenband Law P.A., 515 E. Las Olas Blvd. Suite 120, Fort Lauderdale, FL 33301.

4

K.    "Class Notice" means the program of notice described in Section III(B) of this Agreement to be provided to Settlement Class Members, which will notify Settlement Class Members about the details of the Settlement.

L.    "Class Notice Date" means the last date on which Class Notice can be disseminated, which shall be set by the Court in the Preliminary Approval Order as approximately forty-five (45) days after entry of the Preliminary Approval Order.

M.    "Class Period" means the time period from April 20, 2017 through the date that the Court enters the Preliminary Approval Order.

N.    "Confidential Information" means proprietary or commercially sensitive information or personal information subject to state and federal privacy laws that the Parties agree to protect in this Agreement from disclosure and dissemination to the public or any third-party or entity other than the Administrator.

O.    "Counsel for Defendant" means: Lauri Mazzuchetti and Whitney Smith of Kelley Drye & Warren LLP, One Jefferson Road, 2nd Floor, Parsippany, NJ 07054.

P.    "Court" means the U.S. District Court for the Western District of North Carolina.

Q.    "Days" means calendar days, except that, when computing any period of time under this Agreement, the day of the act, event, or default from which the designated period of time begins to run shall not be included.  Further, when computing any period of time under this Agreement, the last day of the period so computed shall be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day that is not a Saturday, Sunday, or legal holiday.

R.    "Effective Date" means one business day after the Final Approval Order becomes final and non-appealable.

S.    "E-mail Notice" means the notice that is sent by e-mail by the Administrator to Settlement Class Members, in substantially the form attached as **Exhibit 2** to this Agreement.

T.    "Final Approval Hearing" means a hearing set by the Court for the purpose of: (i) determining the fairness, adequacy, and reasonableness of this Agreement and associated settlement in accordance with class action procedures and requirements; and (ii) entering the Final Approval Order.

U.    "Final" or "Finally Approved" or "Final Approval" of this Agreement means the later of the date that (i) the time has run for any appeals from the Final Approval Order or (ii) any such appeals have been dismissed or resolved in favor of approving, or affirming the approval of, this Agreement.

V.    "Final Approval Order" means the order and judgment to be entered by the Court, substantially in the form to the order attached hereto as **Exhibit 4**, approving this Agreement as fair, adequate, and reasonable and in the best interests of the Settlement Class as a whole in accordance with the Federal Rules of Civil Procedure, and making such other findings and determinations as the Court deems necessary and appropriate to effectuate the terms of this Agreement, including granting Final Approval to the Settlement and ruling on Class Counsel's application for attorneys' fees and expenses and the Incentive Award for the Class Representative. If the Court enters separate orders addressing the matters constituting the matters set forth in this paragraph, then the Final Approval Order includes all such orders.

W.    "Long-Form Notice" means the notice that is made available on the Settlement Website and upon request from the Administrator, in substantially the form attached as **Exhibit 3** to this Agreement.

X.     "Mail Notice" means the postcard individual notice that is mailed by the Administrator to Settlement Class Members, in substantially the form attached as **Exhibit 5** to this Agreement.

Y.     "Notice and Administrative Costs" means the reasonable costs and expenses authorized by the Court and approved by Class Counsel and Counsel for Defendant of disseminating the Class Notice in accordance with the Preliminary Approval Order, and all reasonable and authorized costs and expenses incurred by the Administrator in administering the Settlement, including, but not limited to, costs and expenses associated with determining e-mail or mailing addresses for Settlement Class Members, assisting Settlement Class Members, processing claims, escrowing funds, and issuing and mailing Settlement Payments.  Notice and Administrative Costs shall not exceed Two-Hundred Thousand Dollars and Zero Cents ($200,000.00).

Z.     "Objection Deadline" means the date identified in the Preliminary Approval Order and Class Notice by which a Settlement Class Member must serve written objections, if any, to the Settlement to be able to object to the Settlement. The Objection Deadline shall be no later than thirty (30) days before the Final Approval Hearing.

AA.     "Opt-Out Deadline" means the date identified in the Preliminary Approval Order and Class Notice by which a Request for Exclusion must be filed in writing with Class Counsel (or the Administrator) for a Settlement Class Member to be excluded from the Settlement Class. The Opt-Out Deadline shall be no later than thirty (30) days before the Final Approval Hearing.

BB.     "Preliminary Approval Order" means an order to be entered by the Court certifying the Settlement Class and granting preliminary approval to the Settlement, substantially in the form attached hereto as **Exhibit 6,** without material change.

CC.     "Released Claims" means any and all claims, actions, causes of action, rights, suits, defenses, debts, sums of money, payments, obligations, promises, damages, penalties, attorneys' fees, costs, liens, judgments, and demands of any kind whatsoever that each member of the Settlement Class may have or may have had in the past, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis, whether past or present, mature or not yet mature, known or unknown, suspected or unsuspected, whether based on federal, state, or local law, statute, ordinance, regulations, contract, common law, or any other source, that were or could have been asserted in the Complaint, the Action, or that relate to or arise from the Allegations, including all claims under the TCPA pursuant to 47 C.F.R. § 64.1200(d) or any related state analogue.

DD.     "Released Parties" means Green Dot Corporation and its respective present, former, and/or future agents, insurers, representatives, employees, directors, officers, shareholders, attorneys, parents, subsidiaries, affiliates and assigns.

EE.     "Request for Exclusion" means a written request from a Settlement Class Member that seeks to exclude the Settlement Class Member from the Settlement Class.

FF.     "Incentive Award" means any approved payment to the Class Representative.

GG.     "Settlement" means the settlement set forth in this Agreement.

HH.     "Settlement Class" means all members of the class of persons in this Action that will be certified by the Court for settlement purposes only as follows:

> **All persons in the United States, for the time period beginning April 20, 2017 to the present, who sent a Stop message or otherwise opted out of receiving text messages from Green Dot, and Defendant sent one or more text messages to that telephone number.**

The Settlement Class excludes the following: (1) the trial judge presiding over this case; (2) Defendant, as well as any parent, subsidiary, affiliate, or control person of Defendant, and their

officers, directors, agents, servants, or employees of Defendant; (3) any of the Released Parties; (4) the immediate family of any such person(s); (5) any Settlement Class Member who has timely opted out of this proceeding; (6) Plaintiff's Counsel, their employees, and their immediate family; and (7) anyone who only received non-telemarketing messages that they agreed to receive or were otherwise permissible under the law.

II.     "Settlement Class Claimant" means any Settlement Class Member who submits a Claim in accordance with this Agreement.

JJ.     "Settlement Class Data" means data relating to the approximately 70,027 unique mobile telephone numbers that were sent text messages by Defendant, according to Defendant's records. The Settlement Class Data shall be treated as Confidential Information.

KK.     "Settlement Class Member(s)" means any member of the Settlement Class.

LL.     "Settlement Class Payment List" means the list of all Settlement Class Members who filed a Claim; whether the Claim was rejected or accepted, and, if rejected, the reason it was rejected; the address to which the Claim Settlement Check shall be sent; and the total amount of Claim Settlement Payments to be made.

MM.     "Settlement Fund" means the total maximum amount that Defendant has agreed to make available—which shall not exceed Three Million, Three Hundred and Sixty-One Thousand, Two-Hundred and Ninety-Six Dollar and Zero Cents (**$3,361,296**)—to cover the Claim Settlement Payments, all Attorneys' Fees and Expenses, Notice and Administration Costs, and any Incentive Award in settlement in full of this Action.

NN.     "Settlement Website" means the website prepared by the Administrator in connection with the process of providing Class Notice to Settlement Class Members.

## II.     <u>SETTLEMENT TERMS</u>

### A.     <u>Certification of Settlement Class and Conditional Nature of Agreement</u>

Defendant disputes that any class could be properly certified on the claims asserted in the Action. For settlement purposes only, Defendant conditionally agrees and consents to certification of the Settlement Class. Defendant's conditional agreement is contingent on (i) the Parties' execution of this Agreement, (ii) the Court's entry of the Final Approval Order, and (iii) the Final Approval Order becoming Final. Except as provided below, if this Agreement, for any reason, does not receive Final Approval, if the Final Approval Order does not become Final, or if the Agreement is otherwise terminated, it shall be null and void, it shall be of no force or effect whatsoever, it shall not be referred to or used for any purpose whatsoever, and the negotiation, terms, and entry of the Agreement shall remain inadmissible under the Federal Rules of Civil Procedure, Federal Rule of Evidence 408, and any applicable state law or rule of civil procedure or evidence.

Defendant denies all claims, liability, damages, losses, penalties, interest, fees, restitution, and all other forms of relief that were or could have been sought in the Action, as well as all class action allegations asserted in the Action. Defendant has agreed to resolve this Action through this Agreement, but if this Agreement is deemed void or Final Approval does not occur, Defendant does not waive, but rather expressly reserves, all rights to challenge all such claims and allegations in the Action on all procedural, evidentiary, and factual grounds, including, without limitation, the ability to challenge on any grounds whether any class can be certified and to assert any and all defenses or privileges. The Class Representative and Class Counsel agree that Defendant retains and reserves all of these rights and agree not to take a position to the contrary.

**B.**     <u>Settlement Class Relief</u>

    **1.**     **Claim Settlement Payments to Settlement Class**

In consideration for the Releases set forth in Section V of this Agreement, Defendant shall provide the following relief:

Settlement Class Members must submit a timely, valid, and verified Claim Form, by the Claim Deadline in the manner required by this Agreement, to receive a Claim Settlement Payment from the Settlement Fund. Each Settlement Class Member who submits a timely, valid, correct and verified Claim Form by the Claim Deadline in the manner required by this Agreement, making all the required affirmations and representations, shall be sent a Claim Settlement Check by the Administrator in the amount of Forty-Eight Dollars ($48.00). If the Settlement Fund is substantially depleted by Settlement Class Claimants (i.e. depleted to the extent that it is not possible to pay each Settlement Class Claimant $48.00 and pay Notice and Administration Costs, Attorneys' Fees and Expenses, and Incentive Award from the Settlement Fund), then the amount each Settlement Class Claimant receives may be reduced pro rata to account for any Notice and Administration Costs, Attorneys' Fees and Expenses, and Incentive Award.

Within sixty (60) days after the Effective Date, the Administrator shall send, by first-class mail, a Claim Settlement Check to each Settlement Class Member who submits a timely, valid, correct, and verified Claim Form. Checks will be valid for one hundred and eighty (180) days from the date on the check. Any money that has not been distributed because of uncashed checks shall be returned to Defendant.

Except as provided in this Section and any Incentive Award that the Court awards to Plaintiff, Defendant shall have no obligation to make any other or further payments to Plaintiff or to any Settlement Class Member.

## 2. Compliance with the TCPA

The Parties recognize that as a result of this Action, Defendant will review and update, as necessary, policies and procedures to ensure that it complies with the TCPA, including, but not limited to, policies and procedures to ensure that Defendant complies with 47 C.F.R. § 64.1200(d).

## C. <u>Settlement Approval</u>

Concurrent with submission of this Agreement for the Court's consideration, Class Counsel shall submit to the Court a motion for preliminary approval of this Agreement. The motion shall seek entry of a Preliminary Approval Order, which shall be in a form agreed upon by Class Counsel and Defendant. Papers in support of Final Approval, Attorneys' Fees and Expenses, and the Incentive Award shall be filed forty-five (45) days after the Class Notice Date.

## D. <u>Incentive Award and Attorneys' Fees and Expenses</u>

### 1. Incentive Award

Plaintiff shall request from the Court a reasonable amount for Incentive Award not to exceed $5,500.00, subject to Court approval. If the Court approves an Incentive Award, then Plaintiff will provide to Defendant a completed W9 form within ten (10) days after Effective Date. Defendant will deliver to Class Counsel a check made payable to Plaintiff within fourteen (14) days after the Effective Date.

### 2. Attorneys' Fees and Expenses

Class Counsel shall request from the Court a reasonable amount for Attorneys' Fees and Expenses not to exceed $840,324.00, subject to Court approval. If the Court approves any award of Attorneys' Fees and Expenses, Class Counsel shall provide to Defendant a completed W9 form within three (3) days of the Effective Date and Class Counsel shall be responsible for allocating among Class Counsel any Attorneys' Fees and Expenses, and Defendant shall have no

12

responsibility, role, or liability in connection with such allocation. All Attorneys' Fees and Expenses shall be paid to Class Counsel within fourteen (14) days of the Effective Date.

### 3. Tax Consequences

Defendant shall not be obligated to compute, estimate, or pay any taxes on behalf of Plaintiff, any Settlement Class Member, Class Counsel, or the Administrator. Plaintiff and Class Counsel acknowledge that Defendant has no responsibility for any taxes due on payments to (i) Plaintiff, including, without limitation, any approved Incentive Award, (ii) Class Counsel, including, without limitation, any approved Attorneys' Fees and Expenses, (iii) the Administrator or (iv) any Settlement Class Member. Plaintiff and Class Counsel further acknowledge that Defendant has no responsibility for any tax consequences that arise out of the deferral of any such payments, including, without limitation, Plaintiff's approved Incentive Award or Class Counsel's approved Attorneys' Fees and Expenses.

## III. CLAIMS ADMINISTRATION

### A. Administrator

The Parties have agreed on KCC as the Administrator. The Administrator shall administer the Settlement in a cost-effective and timely manner. Without limiting any of its other obligations as stated herein, the Administrator shall be responsible for, among other things and if and as necessary, for the implementation and effectuation of Class Notice and CAFA Notice, processing Claim Forms, receiving and maintaining on behalf of the Court any correspondence regarding Requests for Exclusion and/or objections to the Settlement, administering Claim Settlement Payments, and providing all other related support, reporting, and administration as further stated in this Agreement. The Parties may direct the Administrator to assist with various additional administrative tasks in implementing the Settlement as the Parties agree is appropriate.

The Parties will coordinate with the Administrator to provide E-mail Notice and Mail Notice to the Settlement Class, as provided in this Agreement. The Administrator shall administer the Settlement in accordance with the terms of this Agreement and shall treat any and all documents, communications, and other information and materials received in connection with the administration of the Settlement as Confidential Information except as provided for in this Agreement or by court order.

All Notice and Administrative Costs shall be paid by Defendant from the Settlement Fund, subject to the condition that Administrative Costs will not exceed $200,000. Defendant shall not be obligated to compute, estimate, or pay any taxes on behalf of Plaintiff, any Settlement Class Member, Class Counsel, or the Administrator. The Administrator will invoice Defendant directly for start-up and initial Class Notice costs at any time after entry of the Preliminary Approval Order and will bill Defendant monthly for incurred fees and expenses thereafter. The Administrator will complete and provide to Defendant any W9 forms necessary for Defendant to pay for the Notice and Administrative Costs.

**B.** <u>**Notice**</u>

**1.** **Notice to the Settlement Class**

Class Counsel and Defendant shall insert the correct dates and deadlines in the Notice before the Notice Program commences, based upon those dates and deadlines set by the Court in the Preliminary Approval Order.

**2.** **Settlement Class Data**

Within fourteen (14) days after entry of the Preliminary Approval Order, Defendant will provide to the Administrator the Settlement Class Data in electronic format. Using the Settlement Class Data, the Administrator will determine the e-mail addresses and mailing addresses associated with each of the telephone numbers of the Settlement Class Members.

14

### 3.    E-mail Notice

The Administrator shall review the Settlement Class Data, utilize methods commonly used in the class administration industry to verify and/or update e-mail addresses (e.g., reliable sources like LexisNexis and TransUnion), and shall, to the extent reasonably possible, e-mail the E-Mail Notice to all Settlement Class Members.  The E-Mail Notice program shall be completed by the Class Notice Date.  The Administrator shall provide Class Counsel and Defendant a sworn declaration that confirms that the E-Mail Notice program was completed in a timely manner and in accordance with this Agreement and the Preliminary Approval Order.

### 4.    Mail Notice

The Administrator shall review the Settlement Class Data, utilize methods commonly used in the class administration industry to verify and/or update mailing addresses (e.g., reverse telephone number look ups, verification through the National Change of Address Database or other reliable sources like LexisNexis and TransUnion), and shall, to the extent reasonably possible, mail the Mail Notice to all Settlement Class Members.  The Mail Notice shall be completed by the Class Notice Date.  The Administrator shall provide Class Counsel and Defendant a sworn declaration that confirms that the Mail Notice was completed in a timely manner and in accordance with this Agreement and the Preliminary Approval Order.

### 5.    Long-Form Notice

Mail Notice and Email Notice will all contain the address for the Settlement Website.  On the website, Settlement Class Members will find important documents and court filings, including the Long-Form Notice, which will contain more detail than the Mail Notice and E-Mail Notice. The Long Form Notice will be sent to all Settlement Class Members who contact the Administrator by telephone or email and request a copy.

### 6. Settlement Website

By the Class Notice Date, the Administrator shall establish and maintain the Settlement Website, which, among other things: (i) enables Settlement Class Members to access and download the Claim Form, (ii) provides contact information for Class Counsel, and (iii) provides access to relevant documents concerning the Action.  Such documents shall include this Agreement and Class Notice; the Long-Form Notice, the Preliminary Approval Order; the Complaint; and, when filed, the Final Approval Order.  The Class Notice shall include the address (URL) for the Settlement Website.  The Administrator shall maintain the Settlement Website until at least sixty (60) days following the Claim Deadline.

### 7. IVR

By the Class Notice Date, the Administrator shall establish and maintain a toll-free number that maintains an IVR (or similar) system to answer questions about the Settlement. The Administrator shall maintain the IVR (or similar) system until at least sixty (60) days following the Claim Deadline.

### 8. CAFA Notice

The Administrator shall serve notices under CAFA, 28 U.S.C. § 1715, within the timelines specified by 28 U.S.C. § 1715(b). The Administrator will provide the Court with confirmation of service on or before the date of the Final Approval Hearing.

### C. <u>Claim Filing, Review, and Approval Process</u>

### 1. Claim Form

To submit a valid Claim, Settlement Class Members must correctly provide all the information and documentation required by the Claim Form.  The Claim Form shall require any Settlement Class Member who submits a Claim to provide the following documentation and information, and affirm that the documents and information provided are true and accurate under

16

penalty of perjury: (a) Settlement Class Claimant's name, current address, telephone number, and e-mail address; (b) Settlement Class Claimant's telephone number that received a text message from Defendant; (c) an affirmation that the Settlement Class Claimant received a text message from Defendant within the Class Period; and (d) a declaration under penalty of perjury that all information and representations contained in the Claim Form are true and correct.

### 2.      Claim Filing Process

Settlement Class Members shall be permitted to make a Claim for a Claim Settlement Payment in one of two ways: (i) by sending by U.S. mail a written and fully and accurately completed Claim Form, on a date no later than the Claim Deadline; (ii) by filing a written and fully and accurately completed Claim Form online at the Settlement Website, on a date no later than the Claim Deadline or by providing it directly to the Administrator via email.  Any Settlement Class Member who does not mail or file online an accurate and fully completed Claim Form by the Claim Deadline shall be deemed to have waived any Claim and any such Claim will be rejected.

### 3.      Invalid Claims

Any Settlement Class Member who fails to submit a timely, accurate, and fully completed, valid Claim Form, executed under penalty of perjury, shall not be entitled to receive a Settlement Claim Payment, but shall otherwise be bound by all of the terms in this Agreement, including the terms of the Final Approval Order and the Releases in this Agreement, and shall be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Released Parties concerning any Released Claims.

### 4.      Claim Review Process

The Administrator shall confirm that each Claim Form submitted is in the form required; that each Claim Form includes the required affirmations, information, and documentation; that each Claim Form was submitted in a timely fashion; and that the Settlement Class Claimant is a

member of the Settlement Class. All such Claim criteria shall be strictly enforced. Any Settlement Class Claimant's failure to provide any of the required affirmations or information shall result in the Claim being deemed invalid, and Defendant shall not have any further obligation to process or make any Claim Settlement Payment on such invalid Claim. The Administrator shall not receive any incentive for denying claims.

## 5. Parties' Right to Challenge Claims

The Parties have the right to challenge Claim Forms submitted by purported Settlement Class Claimants. Within thirty (30) days following the Claim Deadline, the Administrator shall provide to counsel for the Parties a list of approved Claims ("Approved Claims") and a list of Claim Forms that have been rejected, including the reason for the rejection. Upon any Party's request, which must be made within seven (7) days following the Parties' receipt of such lists, the Administrator will provide copies of all Claim Forms that it receives to counsel for the Parties, along with its recommendation as to whether or not each Claim Form is determined to be an Approved Claim. The Administrator shall provide the same documentation to both Parties. If there is any question related to such documentation and/or determination, either Party may request the Administrator to provide additional documentation, which request must be made within seven (7) days of the Parties' receipt of the Claim Forms and the Administrator's recommendation. Defendant's Counsel, and Class Counsel shall each have the right to challenge the acceptance or rejection of a Claim Form submitted by purported Settlement Class Members. Any such challenge must be made within seven (7) days after the Administrator has provided the requested documentation to the Parties' Counsel. The Administrator shall follow any agreed decisions of Defendants' Counsel and Class Counsel regarding any challenged claims.

6.      **Settlement Class Payment List**

At least ten (10) days before the Final Approval Hearing, the Administrator shall provide

Class Counsel and Counsel for Defendant with the Settlement Class Payment List.

D.      **Requests for Exclusion Rights**

1.      **Request for Exclusion Requirements**

A Settlement Class Member who wishes to exclude themselves from the Settlement Class

must do so in writing. To excluded themselves, a Settlement Class Member must complete and

send to Class Counsel (or the Administrator), at the address listed in the Class Notice, a Request

for Exclusion that is postmarked no later than the Opt-Out Deadline, as specified in the Class

Notice (or as the Court otherwise requires). The Request for Exclusion must: (a) identify the case

name; (b) identify the name, address, and telephone number of the Settlement Class Member; (c)

identify the telephone number at which the person received a text message from Defendant; (d) be

personally signed by the Settlement Class Member requesting exclusion; and (e) contain a

statement that indicates a desire to be excluded from the Settlement Class in the Action, such as:

"I hereby request that I be excluded from the proposed Settlement Class in *Boardman v. Green

Dot Corporation*, Case No. 3:21-cv-1774 (W.D.N.C.)."

Any Settlement Class Member who does not exclude themselves from the Settlement in

the manner described herein shall be deemed to be part of the Settlement Class, and shall be bound

by all subsequent proceedings, orders, and judgments, including the Final Approval Order.

A Settlement Class Member who desires to exclude themselves must take timely

affirmative written action in accordance with this Section, even if the Settlement Class Member

desiring to exclude themselves (a) files or has filed a separate action against any of the Released

Parties, or (b) is, or becomes, a putative class member in any other class action filed against any

of the Released Parties.

DocuSign Envelope ID: C9A091FC-8A7F-49DB-8090-57D7C48576C6

Any Settlement Class Member who submits a timely and proper Request for Exclusion from the Settlement Class shall not: (a) be bound by any orders or judgments relating to the Settlement; (b) be entitled to relief under, or be affected by, this Agreement; (c) gain any rights by virtue of this Agreement; or (d) be entitled to object to any aspect of the Settlement.

### 2. List of Requests for Exclusion

At least ten (10) days before the Final Approval Hearing, the Administrator shall provide Class Counsel and Counsel for Defendant with a list of all timely Requests for Exclusion along with copies of such Requests for Exclusion.

### 3. All Settlement Class Members Bound By Settlement

Except for those Settlement Class Members who timely and properly file a Request for Exclusion, all other Settlement Class Members will be deemed to be Settlement Class Members for all purposes under the Agreement, and upon the Effective Date, will be bound by its terms.

### E. Objections

Any Settlement Class Member who does not seek to exclude themselves from the Settlement may object to the Settlement. To object, the Settlement Class Member must comply with the procedures and deadlines in this Agreement.

### 1. Process

Any Settlement Class Member who wishes to object to the Settlement must do so in writing on or before the Objection Deadline, as specified in the Class Notice and Preliminary Approval Order. The written objection must be filed with the Court and mailed (with the requisite postmark) to Class Counsel and Counsel for Defendant (at the addresses identified in Section VII.E, below), no later than the Objection Deadline.

DocuSign Envelope ID: C9A091FC-8A7F-49DB-8090-57D7C48576C6

## 2. Requirements

The requirements to assert a valid written objection shall be set forth in the Class Notice. To be valid, the written objection must include:

a. the name of the Action;

b. the objector's full name, address, and telephone number;

c. an explanation of the basis on which the objector claims to be a Settlement Class Member;

d. all grounds for the objection, accompanied by any legal support for the objection known to the objector or his counsel;

e. the number of times in which the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such an objection, and a copy of any orders related to or ruling on the objector's prior such objections that were issued by the trial and appellate courts in each listed case;

f. the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application;

g. a copy of any orders related to or ruling on the objector's counsel or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding 5 years the objector's counsel;

h. any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity;

i.   the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing;

j.   a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing;

k.   a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; and

l.   the objector's signature (an attorney's signature is not sufficient).

Any Settlement Class Member who fails to object to the Settlement in the manner described in the Class Notice and consistent with this Section shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of this Agreement by appeal or other means.

### 3.    Appearance

Subject to approval by the Court, any Settlement Class Member who files and serves a written objection in accordance with this Section may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the Settlement should not be approved as fair, adequate, and reasonable, but only if the objecting Settlement Class Member: (a) files with the Court a notice of intention to appear at the Final Approval Hearing by the Objection Deadline ("Notice of Intention to Appear"); and (b) serves the Notice of Intention to Appear on Class Counsel and Counsel for Defendant by the Objection Deadline.

The Notice of Intention to Appear must include: (a) the case name and number; (b) the Settlement Class Member's name, address, telephone number, and signature, and, if represented by counsel, their contact information; (c) the telephone number where he or she received a text message from Defendant; and (d) copies of any papers, exhibits, or other evidence that the

objecting Settlement Class Member will present to the Court in connection with the Final Approval Hearing.

Any Settlement Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Class Notice and this Agreement shall not be entitled to appear at the Final Approval Hearing and raise any objections.

### 4. Discovery From Settlement Class Members Who Object To The Settlement

The Parties shall have the right to take discovery from any Settlement Class Member who objects to the Settlement without further leave of court. If the Settlement Class Member who objects to the Settlement is represented by counsel, the Parties shall also have the right to take discovery from the Settlement Class Member's counsel without further leave of court.

### F. Funding & Distribution of The Settlement Fund and Claim Settlement Payment

### 1. Settlement Fund

As described herein, the Settlement Fund shall be used to provide the exclusive recovery and relief for the Settlement Class, any Attorneys' Fees and Expenses, any Incentive Award, and all Notice and Administrative Costs. The Settlement Fund shall be the sole and exclusive monetary contribution or consideration paid or provided by Defendant under this Settlement Agreement and Defendant shall not, under any circumstances, be obligated to pay any other additional amounts beyond the amount set forth in the definition of Settlement Fund. Defendant will not relinquish control of any money until payments are due. Any part of the Settlement Fund that is not used to pay Approved Claims submitted by Settlement Class Members, Attorneys' Fees and Expenses, any Incentive Award, and any Notice and Administrative Costs shall be retained by Defendant.

2. **Funding**

Defendant, within thirty (30) days after the Effective Date, shall fund all amounts required by the Administrator for distribution of any Claim Settlement Payments to Settlement Class Members who submit timely and valid Claim Forms.

3. **Distribution**

The Administrator shall pay any Claim Settlement Payments to Settlement Class Members who submit timely and valid Claim Forms within sixty (60) days after the Effective Date.

G. **Non-Approval of Agreement**

This Agreement is conditioned on Final Approval without material modification by the Court. If the Agreement is not so approved, the Parties shall have the right to withdraw from the Agreement and return to the status quo ante as if no settlement or this Agreement had been negotiated or entered into. Moreover, the Parties shall be deemed to have preserved all of their rights or defenses, and shall not be deemed to have waived any substantive, evidentiary, procedural, or other rights of any kind that they may have as to each other or any member of the Settlement Class. If the Agreement is approved without material modification by the Court, but is later reversed or vacated on appeal, each of the Parties shall have a right to withdraw from the Agreement and return to the status quo ante, for all litigation purposes, as if no Agreement had been negotiated or entered into, and shall not be deemed to have waived any substantive, evidentiary, procedural, or rights of any kind that they may have as to each other or any member of the Settlement Class.

H. **Termination of Agreement**

Either Party shall have the right in his or its sole discretion to terminate this Agreement, declare it null and void, and have no further obligations under this Agreement if any of the following conditions occurs: (1) the Court fails or declines to grant Preliminary Approval; (2) the

24

Court fails or declines to grant Final Approval; (3) an appellate court vacates or reverses the Final Approval Order; or (4) the Effective Date does not occur for any reason.

In the event more than 3% of the Settlement Class file or submit Requests for Exclusion, Defendant may, at its election, unilaterally terminate this Agreement.

### I. Retention of Records

The Administrator shall retain all records relating to payment of claims under this Agreement for a period of five (5) years from the Effective Date. Those records shall be maintained in accordance with this Agreement as Confidential Information.

## IV. EXCLUSIVE REMEDY/DISMISSAL OF CLAIMS/JURISDICTION

### A. Exclusive Remedy; Permanent Injunction

Upon issuance of the Final Approval Order: (i) the Agreement shall be the exclusive remedy for any and all Settlement Class Members, except those who have properly requested exclusion in accordance with the terms and provisions hereof; (ii) the Released Parties shall not be subject to liability or expense for any of the Released Claims to any Settlement Class Member(s); (iii) Settlement Class Members who have not excluded themselves shall be permanently barred and enjoined from asserting any Released Claims in any action or from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action based on or relating to any of the Released Claims or the facts and circumstances relating thereto; and (iv) Settlement Class Members who have not excluded themselves shall be permanently barred and precluded from organizing Settlement Class Members, or soliciting the participation of Settlement Class Members, for purposes of pursuing any action (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to any of the Released Claims or the facts and circumstances relating thereto.

B.     **Dismissal of Claims**

The Parties agree that upon the Effective Date, the Action shall be dismissed with prejudice in accordance with the Final Approval Order.

C.     **Continuing Jurisdiction of Court**

The Court shall retain exclusive and continuing jurisdiction over this Action, the Parties, and this Agreement with respect to the performance of its terms and conditions (and disputes arising out of or relating to this Agreement), the proper provision of all benefits, and the implementation and enforcement of its terms, conditions, and obligations.

## V.     **RELEASES**

Upon the Effective Date of this Agreement, the Released Parties shall be released and forever discharged by the Class Representative, the Settlement Class, and each Settlement Class Member from all Released Claims.  The Settlement Class and each Settlement Class Member covenant and agree that they shall not hereafter seek to establish liability or otherwise claim against any of the Released Parties based, in whole or in part, on any of the Released Claims. The Class Representatives, the Settlement Class, and each Settlement Class Member expressly waive and relinquish any and all rights which they may have under Section 1542 of the California Civil Code or any similar statute of the United States. Section 1542 reads as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor or released party.

The Class Representative, the Settlement Class, and each Settlement Class Member may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but the Class Representative, the Settlement Class, and each Settlement Class Member, upon the Effective Date, shall be deemed to

have, and by operation of the Final Approval Order, shall have, nevertheless, fully, finally, and forever waived, settled, and released any and all Released Claims, regardless of such subsequent discovery of additional or different facts.

Upon the Effective Date of this Agreement, the Released Parties shall be released and forever discharged by the Plaintiff for any and all claims that he may have against any of the Released Parties.

Upon issuance of the Final Approval Order, the Plaintiff, and all Settlement Class Members shall be permanently barred and enjoined from: (a) asserting any Released Claims in any action or proceeding or from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action or proceeding based on any of the Released Claims; and (b) organizing Settlement Class Members, or soliciting the participation of Settlement Class Members, for purposes of pursuing any action or proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending or future action or proceeding) based on any of the Released Claims. Nothing in this Agreement shall preclude any action to enforce the terms of the Agreement.

This Agreement and the Releases herein do not affect the rights of Settlement Class Members who timely and properly submit a Request for Exclusion from the Settlement.

## VI. COVENANTS, REPRESENTATIONS, AND WARRANTIES

Plaintiff and the Settlement Class Members covenant and agree: (a) not to assert any of the Released Claims in any action or proceeding and not to file, commence, prosecute, intervene in, or participate in (as class members or otherwise) any action or proceeding based on any of the Released Claims against any of the Released Parties; (b) not to organize or solicit the participation of Settlement Class Members in a separate class for purposes of pursuing any action or proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class

certification in a pending or future action or proceeding) based on or relating to any of the Released Claims or the facts and circumstances relating thereto against the Released Parties; and (c) that the foregoing covenants and this Agreement shall be a complete defense to any of the Released Claims against any of the Released Parties.

Plaintiff represents and warrants that she: (a) is the sole and exclusive owner of her own Released Claims; (b) has not assigned or otherwise transferred any interest in any of the Released Claims against any of the Released Parties; (c) will not assign or otherwise transfer any interest in any of the Released Claims; and (d) has no surviving claim or cause of action against any of the Released Parties that is not being released by this Agreement.

## VII.  MISCELLANEOUS PROVISIONS

### A.  Receipt of Advice of Counsel

Each Party acknowledges, agrees, and specifically warrants that he, she, or it has fully read this Agreement and the Release, received independent legal advice with respect to the advisability of entering into this Agreement and the Release and the legal effects of this Agreement and the Release, and fully understands the effect of this Agreement and the Release.

### B.  Cooperation to Facilitate this Settlement

The Parties agree that they shall work together in good faith to facilitate this Agreement, as well as undertake any required steps to effectuate the purposes and intent of this Agreement.

### C.  Representation by Counsel

The Parties represent and warrant that they have been represented by, and have consulted with, the counsel of their choice regarding the provisions, obligations, rights, risks, and legal effects of this Agreement and have been given the opportunity to review independently this Agreement with such legal counsel and agree to the particular language of the provisions herein.

### D.   No Admission of Liability

Nothing in this Agreement, or the Parties' willingness to enter into this Agreement, shall be construed as an admission by any person or entity, of any liability or wrongdoing of any Party, or of the truth of any allegations made by the Class Representative, on behalf of herself or the Settlement Class, against Defendant. Defendant expressly denies and disclaims any liability or wrongdoing. The existence, contents, and terms of Agreement, and any negotiations, statements, or proceedings in connection therewith, shall not be admissible as evidence for any purpose in any proceeding, except solely for purposes of enforcement of the Agreement's terms; however, this Agreement may be used by either Party and pleaded as a full and complete defense to any action, suit, or other proceeding that has been or may be instituted, prosecuted, or attempted with respect to any of the Released Claims, and may be filed, offered, and received into evidence, and otherwise used for such defense.

### E.   Notices

Any notices required to be served pursuant to this Agreement shall be addressed as follows:

**If to Plaintiff:**

> Manuel S. Hiraldo, Esq.
> HIRALDO P.A.
> 401 E. Las Olas Blvd., Suite 1400
> Fort Lauderdale, FL 33301
> e. mhiraldo@hiraldolaw.com

**If to Defendant:**

> Lauri A. Mazzuchetti
> Whitney M. Smith
> Kelley Drye & Warren LLP
>
> One Jefferson Rd., 2nd Floor
> Parsippany, NJ 07054
> lmazzuchetti@kelleydrye.com
> wsmith@kelleydrye.com

29

**F.** **Contractual Agreement**

The Parties understand and agree that all terms of this Agreement are contractual and are not a mere recital, and each signatory warrants that he or she is competent and possesses the full and complete authority to execute and covenant to this Agreement on behalf of the Party that he or she represents.

**G.** **Change of Time Periods**

The time periods and/or dates described in this Agreement with respect to the giving of notices and hearings are subject to approval and change by the Court or by written agreement of Class Counsel and Counsel for Defendant, without notice to Settlement Class Members. The Parties reserve the right, by agreement and subject to Court approval, to grant any reasonable extension of time that might be needed to carry out any of the provisions of this Agreement.

**H.** **Integration**

This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof. This Agreement supersedes all prior representations, agreements, understandings, both written and oral, among the Parties, or any of them, with respect to the subject matter of this Agreement. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein, and no Party is relying on any prior oral or written representations, agreements, understandings, or undertakings with respect to the subject matter of this Agreement.

**I.** **Drafting**

The Parties agree that no single Party shall be deemed to have drafted this Agreement, or any portion thereof, for purpose of the invocation of the doctrine of *contra proferentem*. This Agreement is a collaborative effort of the Parties and their respective attorneys.

**J.** __Costs__

Except as otherwise provided herein, each Party shall bear its own legal and other costs incurred in connection with the Released Claims, including the preparation and performance of this Agreement.

**K.** __Modification or Amendment__

This Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by the Parties who executed this Agreement or their successors-in-interest.

**L.** __No Waiver__

The failure of a Party hereto to insist upon strict performance of any provision of this Agreement shall not be deemed a waiver of such Party's rights or remedies or a waiver by such Party of any default by another Party in the performance or compliance of any of the terms of this Agreement. In addition, the waiver by one Party of any breach of this Agreement by another Party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement.

**M.** __Severability__

Should any part, term, or provision of this Agreement be declared or determined by any court or tribunal to be illegal or invalid, the Parties agree that the Court may modify such provision to the extent necessary to make it valid, legal, and enforceable. In any event, such provision shall be separable and shall not limit or affect the validity, legality, or enforceability of any other provision hereunder; provided, however, that the terms of this Section shall not apply should any court or tribunal find any part, term, or provision of the release to be illegal or invalid in any manner.

31

**N.**     **No Violation of Law or Agreement**

The execution, delivery, and performance of this Agreement by the Parties hereto does not and will not, conflict with, violate, result in a breach of, or cause a default under, (a) any applicable provision of any federal, state, or local law or regulation, (b) any provision of any order, arbitration award, judgment, or decree, or (c) any provision of any agreement or instrument applicable to the Parties.

**O.**     **Successors**

This Agreement shall be binding upon and inure to the benefit of the heirs, successors, and assigns of the Parties hereto.

**P.**     **Choice of Law**

All terms and conditions of this Agreement shall be governed by and interpreted according to the laws of the State of North Carolina, without reference to its conflict of law provisions, except to the extent that federal law governs.  The adequacy of the settlement, any determination regarding Class Counsel's fees and expenses, and any Incentive Award shall be governed by federal law.

**Q.**     **Fair and Reasonable**

The Parties and their counsel believe that this Agreement is a fair and reasonable compromise of the disputed claims, it is in the best interests of the Parties, and have arrived at this Agreement as a result of extensive arms-length negotiations.

**R.**     **Headings**

All headings contained herein are for informational purposes only and do not constitute a substantive part of this Agreement.  In the event of a dispute concerning the terms and conditions of this Agreement, the headings shall be disregarded.

**S.**     <u>**Exhibits**</u>

The Exhibits to this Agreement are expressly incorporated and made part of the terms and conditions set forth herein.

**T.**     <u>**Counterparts**</u>

This Agreement may be executed in one or more counterparts. All executed counterparts, and each of them, shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement shall exchange among themselves original signed counterparts.

**U.**     <u>**Facsimile and Electronic Mail**</u>

Transmission of a signed Agreement by facsimile or electronic mail shall constitute receipt of an original signed Agreement by mail.

**V.**     <u>**Warranty of Signature**</u>

Each signer of this Agreement represents and warrants that he or she is authorized to execute this Agreement in his or her official capacity on behalf of the Party to this Agreement for which he or she is signing and that this Agreement is binding on the principal represented by that signatory.

**W.**     <u>**No Assignment**</u>

Each Party represents and warrants that such Party has not assigned or otherwise transferred (via subrogation or otherwise) any right, title, or interest in or to any claims, causes of action, or demands which were or could have been, or ever could be asserted against any Party and that are released in this Agreement, or which were, could have been, or ever could be asserted against any Party. Any Party that breaches the representations and warranties set forth in this Section shall indemnify and hold harmless each other Party, its parents, subsidiaries, and affiliates, and their respective owners, agents, attorneys, successors, heirs, assigns, administrators, officers, directors, employees, and all other persons acting in concert with them from any and every claim

33

or demand of every kind or character arising out of a breach by any such breaching Party of its representations and warranties in this Section.

## X.     Confidentiality; Communications to Media and Public

The Parties agree that the terms of this Settlement shall remain confidential and not be disclosed by any Party until the Agreement is filed in connection with the Preliminary Approval Application.

The Parties also agree that Plaintiff and her counsel shall not publish a press release or a release on the Internet concerning the Settlement without the prior written review and approval of Defendant. The Parties further agree that before the entry of Final Approval of the Settlement, if any print or electronic media outlet contacts any Party or its counsel seeking information or a statement regarding the Settlement, in the absence of a response agreed on by all Parties, no information will be provided in response to such inquiries.

For the avoidance of any doubt, nothing in this Agreement prevents the Parties from making any disclosures required to effectuate this Agreement or from making any disclosures required by law.

DocuSign Envelope ID: C9A091FC-8A7F-49DB-8090-57D7C48576C6

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed by themselves or by their duly authorized representatives:

Dated: Jun 14, 2022

By: *Amanda Boardman*
Amanda Boardman (Jun 14, 2022 09:58 EDT)

Amanda Boardman, *Plaintiff and Class Representativ*e

Dated: Jun 14, 2022

By: Michael Eisenband

Manuel S. Hiraldo
Ignacio J. Hiraldo
Michael Eisenband
*Counsel for Plaintiff and the Settlement Class*

Dated: June 14, 2022

**Green Dot Corporation**

By: *Dan Henry*

Name: Dan Henry

Title: President & Chief Executive Officer

Dated: June 14, 2022

By: *Whitney M. Smith*
*Counsel for Defendant*

Signature: *Michael Eisenband*
Michael Eisenband (Jun 14, 2022 10:00 EDT)

Email: Meisenband@Eisenbandlaw.com

35