UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:21-cv-00174-FDW-DSC

AMANDA BOARDMAN, *individually and on behalf of all others similarly situated*,

Plaintiff,

vs.

GREEN DOT CORPORATION,

Defendant.

ORDER AND JUDGEMENT

THIS MATTER is before the Court on the Parties' Unopposed Motion for Attorneys' Fees, Expenses, and Incentive Award, (Doc. Nos. 78, 79), and Unopposed Motion for Final Approval of Class Settlement. (Doc. Nos. 80, 81). For the reasons set forth herein, both Motions are GRANTED, the Settlement in this Action is APPROVED as fair, reasonable, and adequate, and the parties are hereby DIRECTED to take the necessary steps to effectuate the terms of the Settlement Agreement, (Doc. No. 81-1).

On July 1, 2022, the Court granted preliminary approval to the proposed class action settlement set forth in the Settlement Agreement and Release, ("**Settlement Agreement**," Doc. No. 81-1), between Amanda Boardman ("**Plaintiff**"), on behalf of herself and all members of the Settlement Class, [1] and Green Dot Corporation ("**Defendant**" or "**Green Dot**" and collectively with Plaintiff, the "**Parties**"). (Doc. No. 74). The Court also provisionally certified the Settlement Class for settlement purposes, approved the procedure for giving Class Notice to the members of

---

[1] Unless otherwise defined, capitalized terms herein have the definitions found in the Settlement Agreement.

1

the Settlement Class, and set a Final Approval Hearing to take place on October 25, 2022, at 1:45 p.m. (Doc. No. 74).

On October 25, 2022, this Court held a duly noticed Final Approval Hearing to consider: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate; (2) whether a judgment should be entered dismissing Plaintiff's Complaint (Doc. No. 14) on the merits and with prejudice in favor of Defendant and against all persons or entities who are Settlement Class Members herein who have not requested exclusion from the Settlement Class; and (3) whether and in what amount to award counsel for the Settlement Class as Attorneys' Fees and Expenses, and whether and in what amount to award an Incentive Award to Plaintiff.

As notice has been given and this Court has been fully advised concerning these issues, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

Except as otherwise defined herein, all capitalized terms used in this Final Approval Order and Judgment shall have the same meanings as ascribed to them in the Settlement Agreement executed by counsel on behalf of the Class Representatives, all Class Members, and Defendant, respectively. (Doc. No. 81-1). The Settlement Agreement, together with the definitions contained in the Settlement Agreement relating thereto, is expressly incorporated herein in all respects. Additionally, the Settlement Agreement as contained in Document Number 81-1, Exhibit 1 ("**SETTLEMENT AGREEMENT AND RELEASE**") controls this Action and all further matters arising out of this Action.

## I. JURISDICTION OF THE COURT

1. The Court has personal jurisdiction over the parties and the Settlement Class Members, venue is proper, and the Court has subject matter jurisdiction to approve the Agreement,

2

including all Exhibits thereto, and to enter this Final Approval Order. Without in any way affecting the finality of this Final Approval Order, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Approval Order, and for any other necessary purpose.

2. The Settlement Agreement was negotiated by experienced counsel who were fully informed of the facts and circumstances of this litigation (the "**Action**") and of the strengths and weaknesses of their respective positions. The Settlement Agreement was reached after the Parties had engaged in mediation and extensive settlement discussions, and after the exchange of information, including information about the size and scope of the Settlement Class. Counsel for the Parties were therefore well positioned to evaluate the benefits of the Settlement Agreement, taking into account the expense, risk, and uncertainty of protracted litigation.

3. The Court finds that the prerequisites for a class action under Rule 23 of the Federal Rules of Civil Procedure have been satisfied for settlement purposes for each Settlement Class Member in that:

    (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable;

    (b) there are questions of law and fact common to the Settlement Class;

    (c) the claims of Plaintiff are typical of the claims of the Settlement Class she seeks to represent;

    (d) Plaintiff has, and will continue to, fairly and adequately represent the interests of the Settlement Class for purposes of entering into the Settlement Agreement;

(e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member;

(f) the Settlement Class is ascertainable; and

(g) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

## II. CERTIFICATION OF SETTLEMENT CLASS

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies the Settlement Class, as identified in the Settlement Agreement:

> "All persons within the United States, for the time period beginning April 20, 2017 to the present who sent a Stop message or otherwise opted out of receiving text messages from Green Dot; and Defendant sent one or more text messages to that telephone number."

(Doc. No. 81-1, p. 10). Excluded from the Settlement Class are:

(1) anyone who only received non-telemarketing messages that they agreed to receive or were otherwise permissible under the law;

(2) the trial judge and magistrate judge presiding over this case;

(3) Defendant, as well as any parent, subsidiary, affiliate, and the officers, directors, agents, members, managers, servants, or employees of Defendant;

(4) any of the Released Parties;

(5) the immediate family of any such person(s);

(6) Plaintiff's Counsel, their employees, and their immediate family; and

(7) all persons who file a timely and proper request to be excluded from the Settlement Class in accordance with Section III(D) of the Settlement Agreement.

4

## III. APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL

5. The Court finally appoints Manuel S. Hiraldo, of Hiraldo P.A.; Ignacio J. Hiraldo, of IJH Law; and Michael Eisenband, of Eisenband Law P.A., as Class Counsel for the Settlement Class.

6. The Court finally designates Plaintiff Amanda Boardman as the Class Representative.

## IV. NOTICE AND CLAIMS PROCESS

7. The Court makes the following findings on notice to the Settlement Class:

   (a) The Court finds that the distribution of the Class Notice, as provided for in the Settlement Agreement:

   (i) constituted the best practicable notice under the circumstances to Settlement Class Members;

   (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of, among other things, the pendency of the Action, the nature and terms of the proposed Settlement, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing;

   (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

   (iv) complied fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of this Court, and any other applicable law.

(b)  The Court finds that the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq.* ("**CAFA**"), including all notice requirements therein, have been met.

## V. FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT

8.  The Settlement Agreement is finally approved in all respects as fair, reasonable and adequate. The terms and provisions of the Settlement Agreement (Doc. No. 81-1), including all Exhibits thereto, have been entered into in good faith, and are hereby fully and finally APPROVED as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members.

## VI. ADMINISTRATION OF THE SETTLEMENT

9.  The Parties are hereby directed to implement the Settlement Agreement according to its terms and provisions. The Administrator is directed to provide Claim Settlement Payments to those Settlement Class Members who submit valid, timely, and complete Claims.

10.  The Court hereby approves Class Counsel's request for attorney fees, and awards Class Counsel $840,324.00 as reasonable attorneys' fees. Class Counsel does not seek any costs or expenses, and their fee request consists of twenty-five percent (25%) of the amount available to effectuate the Settlement, which shall be paid by Defendant in the manner specified in the Settlement Agreement. (Doc. No. 81-1, p. 14–15). Class Counsel's request for a percentage of the Settlement is reasonable. See Barber v. Kimbrell's Inc., 577 F.2d 216, 226 n.28 (4th Cir. 1978) (articulating factors to consider in analyzing whether a request for attorneys' fees in class action litigation is reasonable); In re Outer Banks Power Outage Litig., No. 4:17-CV-141-D, 2018 U.S. Dist. LEXIS 161714, at *8 (E.D.N.C. Sept. 21, 2018) (collecting cases); Hall v. Higher One

Machs., Inc., No. 5-15-CV-670-F, 2016 U.S. Dist. LEXIS 131009, 2016 WL 5416582, at *7 (E.D.N.C. Sept. 26, 2016).

11. The requested amount reflects the application of the common fund method for awarding attorneys' fees in class action settlements. Under the common fund method, "the Supreme Court and Circuit Courts across the country have held that it is appropriate to award attorneys' fees as a percentage of the entire maximum gross settlement fund, even where amounts to be paid to settlement class members who do not file claims will revert to the Defendant." Myers v. Loomis Armored US, LLC, No. 3:18-CV-00532, 2020 WL 1815902, at *6 (W.D.N.C. Apr. 9, 2020); see Boeing Co. v. Van Gemert, 444 U.S. 472, 481–82 (1980) (holding that in a class action lawsuit, awarding attorney's fees to lawyers representing the successful class by assesses those fees against part of the judgment fund is permissible).

12. The Court further approves an Incentive Award in the amount of $5,500.00 to Plaintiff Amanda Boardman, payable pursuant to the terms of the Settlement Agreement, (Doc. No. 81-1, p. 14).

## VII. RELEASE OF CLAIMS

13. Upon entry of this Final Approval Order, all members of the Class who did not validly and timely submit Requests for Exclusion in the manner provided in the Settlement Agreement shall, by operation of this Final Approval Order, have fully, finally, and forever released, relinquished, and discharged Defendant and the Released Parties from the Released Claims as set forth in the Settlement Agreement, (Doc. No. 81-1, p. 28–29).

14. Furthermore, all members of the Class who did not validly and timely submit Requests for Exclusion in the manner provided in the Settlement Agreement are hereby

7

permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting, or continuing, either directly or in any other capacity, either individually or as a class, any action or proceeding in any court, agency, arbitration, tribunal or jurisdiction, asserting any claims released pursuant to the Settlement Agreement, or seeking an award of fees and costs of any kind or nature whatsoever and pursuant to any authority or theory whatsoever, relating to or arising from the Action or that could have been brought in the Action and/or as a result of or in addition to those provided by the Settlement Agreement.

15. The terms of the Settlement Agreement and of this Final Approval Order, including all Exhibits thereto, shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits maintained by Plaintiff and all other Settlement Class Members, as well as their heirs, executors and administrators, successors, and assigns.

16. The Releases, which are set forth in Section V of the Settlement Agreement, (Doc. No. 81-1, p. 28–29), and which are also set forth below, are expressly incorporated herein in all respects and are effective as of the date of this Final Approval Order. Additionally, the Released Parties (as that term is defined below and in the Settlement Agreement) are forever released, relinquished, and discharged by the Releasing Persons (as that term is defined below and in the Settlement Agreement) from all Released Claims (as that term is defined below and in the Settlement Agreement). The Releases are as follows:

> (a) The Settlement Agreement and Releases do not affect the rights of Settlement Class Members who timely and properly submit a Request for Exclusion from the Settlement in accordance with the requirements in Section III(D) of the Settlement Agreement.

(b) The administration and consummation of the Settlement as embodied in the Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, enforcement of the Releases. The Court expressly retains jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement.

(c) The Settlement Agreement shall be the exclusive remedy for any, and all, Settlement Class Members, except those who have properly requested exclusion, and the Released Parties shall not be subject to liability or expense for any of the Released Claims to any Settlement Class Member(s).

(d) The Releases shall not preclude any action to enforce the terms of the Settlement Agreement, including participation in any of the processes detailed therein. The Releases set forth herein, and in the Settlement Agreement, are not intended to include the release of any rights or duties of the Settling Parties arising out of the Settlement Agreement, including the express warranties and covenants contained therein.

17. Plaintiff and all Settlement Class Members who did not timely exclude themselves from the Settlement Class are, from this day forward, hereby permanently barred and enjoined from directly or indirectly:

(i) asserting any Released Claims in any action or proceeding;

(ii) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit based on or relating to any of the Released Claims or the facts and circumstances relating thereto; or

(iii) organizing any Settlement Class Members into a separate class for purposes of pursuing, as a purported class action, any lawsuit (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) based on or relating to any of the Released Claims.

## VIII. NO ADMISSION OF LIABILITY

18. Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor this Final Approval Order, nor any of its terms and provisions, shall be:

(a) offered by any person or received against Defendant or any Released Party as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by Defendant of the truth of the facts alleged by any person, the validity of any claim that has been or could have been asserted in the Action or in any other litigation or judicial or administrative proceeding, the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing by Defendant or any Released Party;

(b) offered by any person or received against Defendant or any Released Party as evidence of a presumption, concession, or admission of any fault or violation of any law by Defendant or any Released Party; or

(c) offered by any person or received against Defendant or any Released Party as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding.

## IX. OTHER PROVISIONS

19. This Final Approval Order and the Settlement Agreement (including the Exhibits thereto) (Doc. No. 81-1) may be filed in any action against, or by any Released Party (as that term is defined herein and the Settlement Agreement), to support a defense of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

20. Without further order of the Court, the Settling Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

21. In the event that the Effective Date does not occur, this Final Approval Order shall automatically be rendered null and void and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void. In the event that the Effective Date does not occur, the Settlement Agreement shall become null and void and shall be of no further force and effect; neither the Settlement Agreement nor the Court's Orders, including this Order, shall be used or referred to for any purpose whatsoever; and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification,

including the right to argue that no class should be certified for any purpose, and with respect to any claims or allegations in this Action.

22. This Action, including all individual claims and class claims presented herein, is hereby DISMISSED on the merits, and with prejudice, against Plaintiff and all other Settlement Class Members, without fees or costs to any party except as otherwise provided herein.

23. **Final Approval Granted:** The Motion for Final Approval of Class Settlement and the Motion for Attorneys' Fees, Expenses, and Incentive Award are hereby GRANTED, the settlement of this Action is APPROVED as fair, reasonable, and adequate, and the Parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

**IT IS SO ORDERED** in Chambers in Charlotte, North Carolina.

Signed: October 26, 2022

_____
Frank D. Whitney
United States District Judge